UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| UNITED STATES SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | Cause No. 1:13-cv-1489-WTL-MJD |
| vs. | ) ) ) | |
| IMPERIAL PETROLEUM, INC., ET AL., | ) ) ) | |
| Defendants. | ) | |

## ENTRY ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the motion for partial summary judgment filed by Plaintiff United States Securities and Exchange Commission ("SEC") against Defendant Jeffrey Wilson (Dkt. No. 70). The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.

### I. STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." In ruling on a motion for summary judgment, the admissible evidence presented by the non-moving party must be believed, and all reasonable inferences must be drawn in the non-movant's favor. *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009) ("We view the record in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor."). However, a party who bears the burden of proof on a particular issue may not rest on its pleadings, but must show what evidence it has that there is a genuine issue of material fact that requires trial. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d

892, 901 (7th Cir. 2003). Finally, the non-moving party bears the burden of specifically identifying the relevant evidence of record, and "the court is not required to scour the record in search of evidence to defeat a motion for summary judgment." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001).

## II. BACKGROUND

In 2016, a jury found Wilson guilty of (a) fraud in connection with the purchase or sale of securities (15 U.S.C. § 78j(b) and 17 C.F.R. § 240.10b-5); (b) fraud in the offer or sale of securities (15 U.S.C § 77q(a)); (c) false statements in required filings with the SEC (15 U.S.C. § 78ff); (d) falsely certifying annual reports filed with the SEC (18 U.S.C. § 1350(c)(1)); (e) falsely certifying quarterly reports filed with the SEC (18 U.S.C. § 1350(c)(1)); and (f) false statements and omissions to an auditor (15 U.S.C. § 78m(b)(5) and 17 C.F.R. §§ 240.13b2-2(a) and 240.13b2-2(b)). The trial court sentenced Wilson to 120 months imprisonment and ordered him to pay restitution of $16.4 million. The Seventh Circuit affirmed the district court's judgment.

This parallel civil proceeding was brought by the SEC one day after Wilson was indicted. The SEC alleges that Wilson committed civil violations of the Securities and Exchange Acts of 1933 and 1934 (collectively, the "Securities Acts"), in particular, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5; Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a) and Rules 12b-20, 13a-1, 13a-11, and 13a-13; Section 13(b)(2)(A) of the Exchange Act, 15 U.S.C. § 78m(b)(2)(A); Section 13(b)(5) of the Exchange Act, 15 U.S.C. § 78m(b)(5) and Rule 13b2-1; Rule 13b2-2 of the Exchange Act; Rule 13a-14 of the Exchange Act; and Section 20(a) of the Exchange Act.

The SEC requested that the Court (1) issue an injunction permanently restraining and enjoining Wilson from violating Sections 17(a) and 10(b) and Rule 10b-5; (2) issue an injunction permanently restraining Wilson from violating Sections 13(a), 13(b)(2)(A), 13(b)(5) and 20(a) of the Exchange Act and Rules 12b-20, 13a-1, 13a-11, 13a-13, 13a-14, 13b2-1 and 13b2-2; (3) order Wilson to disgorge all ill-gotten gains derived from his unlawful activities with prejudgment interest; (4) order Wilson to pay civil penalties pursuant to the Securities Acts; and (5) prohibit Wilson from acting as an officer or director pursuant to the Securities Acts. The SEC now seeks summary judgment on Counts I, III, VI, and X of its Complaint.[1]

### III. DISCUSSION

The crux of the SEC's argument in support of its motion for partial summary judgment is straightforward: the jury's verdict in the criminal trial against Wilson should be given preclusive collateral effect to establish that Wilson violated the Securities Acts and the rules promulgated thereunder. With regard to Counts I, III, and X of the Complaint, the SEC argues that the charges on which Wilson was convicted are identical to those alleged in the Complaint. With regard to Count VI of the Complaint, the SEC argues that the criminal conviction required findings that satisfy the elements of the civil claim.

The doctrine of collateral estoppel (also known as issue preclusion) holds that "once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." *Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) (internal citations omitted). Issue preclusion is appropriate when the following four elements are met:

---

[1] The SEC does not seek summary judgment on Counts VIII, IX, XII, and XIII.

> (1) the issue sought to be precluded is the same as an issue in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; (3) the determination of the issue must have been essential to the final judgment; and (4) the party against whom estoppel is invoked must have been fully represented in the prior action.

*Adams v. City of Indianapolis*, 742 F.3d 720, 736 (7th Cir. 2014) (citation omitted). Collateral estoppel "may be applied in civil trials to issues previously determined in a criminal conviction." *Appley v. West*, 832 F.2d 1021, 1025-26 (7th Cir. 1987). There does not appear to be any disagreement between the parties that Wilson's conviction establishes liability in this civil case as to Counts I, III, VI, and X.

However, as to damages—specifically, the Government's requests for disgorgement and civil penalties—Wilson asks the Court, pursuant to Federal Rule of Civil Procedure 56(d)(1), to defer considering the motion to permit him to conduct discovery and obtain affidavits and declarations. The Court agrees that Wilson is entitled to conduct discovery before he is required to respond to the SEC's motion with regard to damages. Wilson can hardly be expected to offer evidence, as the SEC suggests he should, without being able to conduct discovery, obtain affidavits or declarations, and, if he so desires, obtain his own expert to rebut the SEC's assertions regarding damages.

### IV. CONCLUSION

For the foregoing reasons, the SEC's motion for partial summary judgment is **GRANTED IN PART and DENIED IN PART**. Specifically, it is granted as to liability on Counts I, III, VI, and X and denied without prejudice pursuant to Federal Rule of Civil Procedure 56(d)(1) as to the issue of damages. The parties are directed to confer and submit a proposed schedule for the necessary discovery, after which the SEC may renew its motion for summary judgment with regard to damages if it wishes to do so. The schedule also shall provide

4

for any discovery and for dispositive motions with regard to the remaining counts in the SEC's complaint.

SO ORDERED: 5/18/18

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.