# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Cause No. 1:13-cv-1489-WTL-MJD |
| IMPERIAL PETROLEUM, INC., et al. | ) ) ) | |
| Defendants. | ) | |

## ENTRY ON MOTION FOR DEFAULT JUDGMENT

This cause is before the Court on the Securities and Exchange Commission's ("SEC")

motion for default judgment as to Defendant Imperial Petroleum, Inc. ("Imperial") (Dkt. No. 73).

Imperial has not responded, and the time for doing so has now passed. Accordingly, the motion

is ripe for ruling, and the Court **GRANTS IN PART** the SEC's motion, as set forth below.

## I.      Legal Standard

Following entry of default, "the well-pled allegations of the complaint relating to liability

are taken as true, but those relating to the amount of damages suffered ordinarily are

not." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). "[O]nce a default has been established,

and thus liability, the plaintiff must establish his entitlement to the relief he seeks." *In re*

*Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Therefore, on proper application by a party for entry

of default judgment, the court must conduct an inquiry in order to ascertain the amount of

damages with "reasonable certainty." *Id*.

## II.      Background

In its Complaint, the SEC alleges that Imperial and others executed a scheme in which it

falsely claimed that it produced more than 28 million gallons of biodiesel. By illegally claiming

government incentives and tax credits, the Defendants were able to sell that fuel for more than

$100 million, realizing gross profits of more than $50 million.  By virtue of the entry of default

against Imperial, the SEC's allegations as to liability are taken as true.  The SEC now seeks entry

of default judgment.

### III. Discussion

### A. Injunctive Relief

The SEC seeks to permanently enjoin Imperial from committing future violations of the

federal securities laws, as permitted by Section 20(b) of the Securities Act of 1933 (the

"Securities Act") and Section 21(d)(1) of the Securities Exchange Act of 1934 (the "Exchange

Act").  *See* 15 U.S.C. §§ 77t(b), 77u(d)(2).  In particular, the SEC seeks to enjoin Imperial from

violating (1) Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)]; (2) Section 10(b) of the

Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. §

240.10b-5]; (3) Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 [17

C.F.R. § 240.12b-20], 13a-1 [17 C.F.R. § 240.13a-1], 13a-11 [17 C.F.R. § 240.13a-11], and 13a-

13 [17 C.F.R. § 240.13a-13] promulgated thereunder; and (4) Section 13(b)(2)(A) of the

Exchange Act [15 U.S.C. § 78m(b)(2)(A)].  Given the nature of the securities violations

committed by Imperial, the Court finds such injunctive relief appropriate.

### B. Disgorgement and Prejudgment Interest

The SEC seeks disgorgement of $26,776,235 and prejudgment interest of $5,124,823.87.

Such remedies are appropriate in SEC enforcement actions.  *SEC v. Lipton*, 278 F.3d 656, 662-

63 (7th Cir. 2002).  By virtue of entry of default, the SEC has established that Imperial realized

net profits of $26,776,235.69 as a result of the scheme, and the prejudgment interest was

calculated accordingly.  Therefore the Court awards the SEC the $26,776,235 disgorgement and

$5,124,823.87 prejudgment interest it seeks.

## C.     Civil Penalties

The SEC seeks an award of third-tier penalties against Imperial.  Third-tier penalties can

amount up to the greater of $150,000 per violation or the defendant's gross pecuniary gain as a

result of the violation.  15 U.S.C. §§ 77t(d)(2)(a), 78u(d)(3); 17 C.F.R. § 201.1004.  The SEC,

however, has not specified the amount of civil penalties that it seeks, and has not provided any

basis upon which the Court could exercise its discretion to determine the appropriate amount.

Accordingly, the Court declines to award civil penalties.

## IV.     Conclusion

For the reasons set forth above, the SEC's motion for default judgment against Imperial

is **GRANTED IN PART**.  The Court will enter judgment as follows:

- Disgorgement of $26,776,235.69, along with $5,124,823.87 in prejudgment interest, to
  the SEC; and

- A permanent injunction against Imperial, prohibiting future violations of:

  - Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)];

  - Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5
    promulgated thereunder [17 C.F.R. § 240.10b-5];

  - Section 13(a) of the Exchange Act [15 U.S.C. § 78m(a)] and Rules 12b-20 [17
    C.F.R. § 240.12b-20], 13a-1 [17 C.F.R. § 240.13a-1], 13a-11 [17 C.F.R. §
    240.13a-11], and 13a-13 [17 C.F.R. § 240.13a-13] promulgated thereunder; and

  - Section 13(b)(2)(A) of the Exchange Act [15 U.S.C. § 78m(b)(2)(A)].

SO ORDERED: 9/14/18

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification